JOHN W. THOMPSON *et al.*, Appellants, v. JOHN OTH, Respondent.

St. Louis Court of Appeals, December 8, 1896.

Practice, Appellate: CONFLICT OF TESTIMONY. Where there is a substantial conflict in the evidence as to the only issue presented, the appellate court is precluded from interfering with the judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*T. J. Rowe* for appellants.

The court, upon the evidence, should have found that there was no special agreement as to the measurement of the stone, and that the measurement should have been by the perch.    R. S. 1889, secs. 8861, 8862.

*Lubke & Muench* for respondent.

The court found that, as a part of the contract, it was agreed that the stone was to be measured and furnished by the cubic yard, as called for by the specifications, and that finding is conclusive here, unless entirely unsupported by evidence.    *Nichols v. Carter,* 49 Mo. App. 402.

BIGGS, J.—The plaintiffs sue for a balance of $1,128.49 alleged to be due them for stone delivered to defendant for use in the construction of St. Vincent Insane Asylum in St. Louis county. One O'Keefe had the contract for the rubble masonry, stone footings, and macadam work.    He called on the defendant to make him a subbid on the work, who in turn called upon the plaintiffs (who are quarrymen) for a bid for furnishing the stone.    In compliance with this request the plaintiffs made a bid and were awarded the contract. They furnished the stone, and the only matter of difference is as to the measurement of the rubble and footing stone.    The plaintiffs contend that under their contract they ought to be paid by the perch, which is twenty-two cubic feet, whereas the defendant says that it was to be measured and paid for by the cubic yard, which is twenty-seven cubic feet.    It was conceded that the rubble stone measured one thousand, seven hundred and eighty-four and nineteen twenty-seconds perches, or one thousand, four hundred and

fifty-four and one half cubic yards, and that the stone footings measured three hundred and fifty-eight and four twenty-seconds perches, or two hundred and ninety-two cubic yards.

The cause was submitted to the court without the intervention of a jury, and at the close of the testimony the court at the request of the plaintiffs gave the following instruction:

"The court declares the law to be that if plaintiffs and defendant made no agreement with reference to the question whether the stone was to be measured by the square yard or perch, then, under sections 8861 and 8862, Revised Statutes of Missouri, the same should be measured by the perch," etc.

The court found that there was an agreement to measure and pay for the stone by the yard, and accordingly entered a judgment for $228.45, which is conceded to be the balance due on that basis of computation. The plaintiffs have appealed and the only question for decision is whether the judgment of the court is supported by substantial evidence.

It is conceded that Thompson, one of the plaintiffs called at the business office of the defendant and delivered to him a slip of paper containing the following, which was intended as a bid for the proposed work, to wit:

"4.75 macadam; 1.75 rubble; 2.00 broken ashlar; 3.00 footings."

It was conceded on the trial that the foregoing was an incomplete memorandum and that to make it intelligible resort to parol evidence was necessary.

The plaintiff's evidence was to the effect that at the time the bid was delivered nothing was said as to how the stone was to be measured, that during the progress of the work installments were paid, and in determining the amounts to be thus paid the defendant's foreman

estimated the quantity delivered by the perch, and further that in absence of an agreement it was the custom both in the city and county to measure stone by the perch.

The defendant read in evidence the specifications for the building, which provided that the rubble masonry should be bid for by the cubic yard. The defendant testified that when Thompson delivered the slip of paper he asked him if the bid was according to the specifications and if it would not be better to make out another bid, and the defendant replied that it was not necessary, that the bid was according to the specifications, and that he knew all about the specifications. The defendant's evidence tended to prove further that in the county the custom was to measure public work by the cubic yard, but there was no well established custom as to private work. The defendant denied all knowledge of the alleged conduct of his foreman in making estimates and he also denied that the foreman had any authority to bind him as to the manner of the measurement of the stone.

The foregoing statement of the evidence is sufficient to show, without argument by us, that there was a substantial conflict in the evidence as to the only issue presented, which precludes us from interfering with the judgment.

The judgment will be affirmed. All the judges concur.